IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-187-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **SHAMBRICA WASHINGTON,**
2.    JEAN VICTOR DAMUS,

    Defendants.

## ORDER ON THE GOVERNMENT'S JUNE 2023 NOTICE OF INTENTION TO OFFER EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

In the Indictment, the Government charges Defendant Shambrica Washington with four categories of offenses, including: (1) wire fraud, involving Economic Injury Disaster Loans ("EIDL") granted by the United States Small Business Administration ("SBA") to two of Defendant's companies, in violation of 18 U.S.C. § 1343 (Counts 1–3); (2) bank fraud, involving two falsely obtained Payroll Protection Program ("PPP") loans, in violation of 18 U.S.C. § 1344 (Counts 4–5); (3) false claims to the Internal Revenue Service ("IRS") for another COVID-19 program, in violation of 18 U.S.C. § 287 (Counts 28–30) ; and (4) money laundering, in violation of 18 U.S.C. § 1957 (Counts 6–27).

Before the Court is the Government's June 2023 Notice of Intention to Offer Evidence Pursuant to Fed. R. Evid. 404(b) ("Notice").[1]  (ECF No. 81.)  Although she was given the opportunity to file objections to the Notice (ECF No. 79), Defendant, who

---

[1] None of the proffered Rule 404(b) evidence relates to the money laundering counts. (ECF No. 81 at 3.)

is proceeding *pro se*, did not do so.

## I. BACKGROUND

The Government includes in the Notice a detailed outline of the conduct charged in the Indictment and the offered Rule 404(b) evidence. (ECF No. 81 at 3–6.) Given the complete lack of objections from Defendant, the Court incorporates that background information herein.

## II. LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Federal Rule of Evidence 404(b) provides:

> (1) Prohibited Uses.  Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses.  This evidence may be admissible for

>another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
>
>(3) Notice in a Criminal Case.  In a criminal case, the prosecutor must:
>
>>(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>>
>>(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>>
>>(C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

A court considers a four-factor test when determining the admissibility of evidence under Rule 404(b).  The test requires that:

>(1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to FED.R.EVID. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (quotation omitted); *see Huddleston v. United States*, 485 U.S. 681, 691–92 (1988) (discussing four sources that serve as "the protection against . . . unfair prejudice" when admitting evidence under Rule 404(b)).

"Rule 404(b) only applies to evidence of acts extrinsic to the charged crime." *United States v. Lambert*, 995 F.2d 1006, 1007–08 (10th Cir. 1993) (quoting *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), *cert. denied*, 507 U.S. 966

3

(1993)).  "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."  *Id*. (citation omitted); *see also United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (recognizing that "[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury" whereas "[e]xtrinsic evidence . . . is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense" (citations omitted)).

### III. ANALYSIS

**A.    Other SBA Loan Applications by Defendant**

The Government states that part of the evidence of Count 1 will be that on March 31, 2020, Defendant submitted an online application to the SBA for an EIDL on behalf of a company called Piccoli Group d/b/a Tiny Toes and Tiaras (loan no. xxx4468).  (ECF No. 81 at 4.)  Further, part of the evidence of Count 3 will be that on June 24, 2020, Defendant submitted an online application to the SBA for an EIDL on behalf of Truelove's Daughters (loan no. xxx8933).  (*Id.*)  The Government states that both applications were declined initially but later approved.  (*Id.*)  In both instances, Defendant was in contact with the SBA regarding correcting things in the applications or submitting additional information.  (*Id.*)  Records relating to these loans contain references to communications between the SBA and Defendant about "duplicate" applications in the SBA Notes to the application files.  (*Id.*)

According to the Government, its theory of the case is that in both of these applications, Defendant made false representations about the gross revenues, costs of goods sold, and her criminal record.  (*Id.* at 4–5.)  In the SBA records relating to both of

these loans are references to other loans applied for by the same, or related applicant. (*Id.* at 5.)  For example, in the Trueloves Daughters' application there are notations that the Tiny Toes and Tiaras application was made.  (*Id.*)  Also referenced are the applications offered as evidence in the Notice, including: (1) an application in the name of Tiny Toes and Tiaras made on April 15, 2020 (loan appl. no. xx7109); (2) an application in the name of Shambrica Washington made on June 19, 2020 (loan appl. no. xx0776); and (3) an application in the name of Piccoli Group dba Tiny Toes and Tiaras made on June 23, 2020 (loan appl. no. xx5025).  (*Id.*)

In the Notice, the Government states that it submits the aforementioned evidence not as evidence of "bad acts" under Rule 404(b) but because the acts concern evidence that is intrinsic to the charged conduct in this case.  (*Id.* at 1–2.)  The Court agrees that the evidence described above is intrinsic evidence, as it is directly connected to the factual circumstances of the crimes charged.  Moreover, Defendant did not object to this characterization of the evidence.  Therefore, the Government's evidence of other SBA loan applications is admissible at trial.

**B.     Other PPP Loan Applications Made to Chase Bank**

According to the Government, Defendant submitted the loan applications (charged and uncharged) online on a PPP application form.  (ECF No. 81 at 4.)  When forms were submitted online, Defendant had the opportunity to submit documentation supporting the claimed amounts on the online application form.  (*Id.*)  The supporting documentation often consisted of various federal and state tax filings, created profit and loss statements and other documentation.  (*Id.*)  Exhibit 1 to the Notice outlines the evidence supporting Counts 28–30 and the proffered Rule 404(b) evidence.  (ECF No. 81-1.)

The Government explains that virtually every application which is noticed and offered under Rule 404(b) is a near duplicate of one application or another supporting a charged offense. (*Id.*) The only difference being, for example, the information included in the application such as costs of goods sold, number of employees, and payroll for a particular quarter. (*Id.*) The Government explains that the one constant on the applications for the loans (EIDL and PPP) and the Rule 404(b) evidence is a representation concerning what is generically described as Defendant's lack of criminal record. (*Id.* (citing ECF No. 1, n. 3–5).)

According to the Government, despite the answers to questions about Defendant's criminal record being non-existent, the evidence will show on December 4, 2019, Defendant was arrested for forgery and identity theft (felony) in El Paso County, Colorado. (*Id.*) A criminal information charging those offenses was filed later that month in the District Court in the Fourth Judicial District. (*Id.*) Defendant pleaded guilty on June 8, 2020 and was placed on a deferred sentence for two years and under the continued jurisdiction of the court. (*Id.*)

The Government argues that the loan application questions relating to this subject matter clearly cover the situation Defendant faced in Colorado state court. (*Id.*) Had she answered the questions on the loan applications truthfully, the Government contends that the loan process would have ended at that point and no funds would have been loaned to Defendant.

The Court agrees. The applications that Defendant completed in which she purportedly failed to truthfully answer questions and disclose her criminal record directly relates to the factual circumstances of the fraud charged in the Indictment. And again,

Defendant has not objected to the introduction of this evidence.  Therefore, this evidence is admissible intrinsic evidence and may be introduced at trial.

**C.     Other IRS Form 7200s that Defendant Submitted in Texas**

Defendant is charged in Counts 28–30 with making false claims on IRS Forms 7200 which a business was authorized to use to make a claim for and advance for employee retention credits under the CARES Act.  Before moving to Texas, it is alleged, she submitted false Forms 7200 on three occasions in Colorado on behalf of Tiny Toes and Tiaras and Truelove's Daughters.

According to the Government, after establishing a residence in Texas, additional Forms 7200 were filed on behalf of entities tied to Defendant.  (ECF No. 81 at 5.)  Exhibit 1 outlines the details of the charged offenses and the Rule 404(b) claims made to the IRS.  (ECF No. 81-1.)  Exhibit 2 is a Form 7200 which is the basis of Count 28.  (ECF No. 81-2.)  Exhibit 3 is a Form 7200 that the Government states would be one of the Rule 404(b) exhibits at trial.  (ECF No. 81-3.)  The Government argues that these are simple exhibits which would not be confusing or voluminous.  (ECF No. 81 at 6.)

The Government argues that it proffers all of the proffered evidence for "a number of purposes including motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  (ECF No. 81 at 8.)  Further, the Government argues that "[w]hile this may seem a kitchen sink approach, the proffered evidence meets the descriptive purposes."  (*Id.*)

In the Court's view, the Government's purported purpose for offering the Rule 404(b) evidence does not just *seem* like a kitchen sink approach—it *is* a kitchen sink approach.  The Government's brief is devoid of any argument supporting its proffered purpose for the evidence, which is demonstrated by an Argument section that does not

7

apply the case law to the facts of *this* case.  (*See id.* at 6–10.)  All the Government does is tell the Court that it offers this evidence for all of the permissible reasons under Rule 404(b).  This anemic explanation does not aid the Court in its analysis of the evidence.

Therefore, the Court acknowledges the information provided by the Government in Part C, but—on this record—it is not prepared to make a definitive ruling as to its admissibility at trial.  Nothing in this Order, however, precludes the Government from moving for the admission of this evidence at trial.

## IV. CONCLUSION

Accordingly, the Court ORDERS that the parties proceed at trial in conformity with its rulings set forth above on Government's June 2023 Notice of Intention to Offer Evidence Pursuant to Fed. R. Evid. 404(b).  (ECF No. 81.)

Dated this 6th day of July, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge