IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-187-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     SHAMBRICA WASHINGTON,

    Defendant.

---

### ORDER ON THE GOVERNMENT'S MOTION *IN LIMINE* FOR PRETRIAL EVIDENTIARY RULINGS

---

Before the Court is the Government's Motion *in Limine* for Pretrial Evidentiary Rulings ("Government's MIL") (ECF No. 165), to which Defendant Shambrica Washington filed a response (ECF No. 179). After learning that Defendant had stipulated to the authenticity or admissibility of none of the Government's exhibits, the Court directed the parties to confer and try to reach an agreement on the authenticity and/or admissibility on as many exhibits as possible to facilitate a smoother trial. (ECF No. 170.) Following conferral, the Government filed a Summary Report explaining the parties' positions. (ECF No. 177.) Additionally, the Government filed a Stipulation to Authenticity and Application of Federal Rules of Evidence Relating to Business and Public Records. (ECF No. 178.)

### I. LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994);

*see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

The movant "has the burden of demonstrating that the evidence is inadmissible on any relevant ground," and a court "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000)).

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." It may, however, be admissible for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Tenth Circuit "instructs courts to consider four factors in weighing the admissibility of evidence under Rule 404(b): (1) whether the evidence is offered for

2

a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

## II. ANALYSIS

The Government's MIL seeks evidentiary rulings on the admissibility of the following evidence prior to trial: (1) self-authenticating records; (2) summary charts; (3) evidence related to Defendant's past conviction and other uncharged conduct. (ECF No. 165 at 1.)

### A.   Form 7200s and Attachment 7

The Government seeks to introduce evidence of other Forms 7200 that Defendant signed and submitted to the Internal Revenue Service ("IRS") and that use the name and/or unique tax preparer identification number linked to an identity-theft victim of Count 31. (ECF No. 165 at 6.) The Government argues such evidence is intrinsic evidence because it is part of the same course of conduct outlined in Counts 1–31, were submitted in a scheme to defraud the same government program in Counts 28–30, and sought tax credits authorized by the same legislation discussed in Counts 1–30. (*Id.*)

Specifically, the Government explains that it will show that Defendant submitted to the Small Business Administration ("SBA") an allegedly fabricated letter purported to be from Elizabeth Whitecosh of Accounting Solutions Group ("ASG") in Missouri. (*Id.* at 7.) The Government states that the letter asserted that ASG prepared federal tax returns for Truelove's Daughters since 2016, listed a Preparer Tax Identification

Number ("PTIN") belonging to an ASG accountant, and enclosed fabricated Forms 990 that make it appear that ASG filed Form 990 tax returns for Truelove's Daughters.  (*Id.*)  Like the fabricated letter and tax returns submitted to the SBA, the Government states that each additional Form 7200 it intends to introduce lists some variation of Elizabeth Whitworth's—a true employee of ASG—name, firm, and/or PTIN.  According to the Government, the uncharged Forms 7200 are inextricably intertwined with the charged false claims.  (*Id.*)

In response, Defendant contests that the uncharged Forms 7200 are intrinsic evidence, as the Government "has not shown how 18 Form 7200 filings for different entities and time periods than those charged in both the form 7200 counts and SVOG count are "inextricably intertwined" with the wire fraud, bank fraud and false claims counts in the indictment."  (ECF No. 179 at 2–3.)  She emphasizes that the Superseding Indictment does not charge a single, overarching scheme to defraud the IRS encompassing every Form 7200 she ever filed.  (*Id.* at 3.)

Additionally, Defendant argues that not only are the Forms 7200 not intrinsic evidence, but they also do not satisfy Federal Rule of Evidence 404(b).  (*Id.*)  Specifically, she argues that the Forms 7200 are propensity evidence, and the Government's argument that they are "admissible to show knowledge, absence of mistake and plan is based on the flawed premise that these forms are sufficiently similar" to Count 31.  (*Id.*)  Finally, she argues that even if the Court finds some of the additional Forms 7200 admissible, the Government's attempt to introduce *eighteen* such forms is cumulative and unduly prejudicial.  (*Id.* at 4.)  Instead, "a handful of carefully selected examples would suffice."  (*Id.*)

4

Having carefully considered both parties' arguments, the Court denies in part and grants in part this portion of the Government's MIL.  The Court is persuaded that the evidence of Defendant's use of "Elizabeth Whitecosh" and her PTIN on numerous Forms 7200 is intrinsic evidence of not just Count 31 in the Superseding Indictment but all of the counts charged therein.  Defendant's alleged repeated use of the false tax preparer's information demonstrates a common thread throughout her alleged scheme to defraud, notwithstanding the fact that not all conduct in the Forms 7200 is charged and that the Government has not charged her with a scheme to defraud.  And, even if the evidence were not intrinsic evidence—which the Court finds it is—the Forms 7200 are admissible as evidence of Defendant's alleged plan to file fraudulent applications to obtain funds intended for COVID-19 economic relief.

Accordingly, the Court finds that the Forms 7200 are admissible.  However, the Court agrees with Defendant that allowing the Government to introduce eighteen Forms 7200 would be cumulative and unduly prejudicial.  Therefore, the Court will permit the Government to introduce six such Forms 7200.  The Court finds that one-third of the Forms 7200 constitutes just such a "handful of carefully selected examples," as Defendant suggests in her response.  (ECF No. 179 at 5.)

In a similar vein, the Court relies on the parties' representations at the June 17, 2024 Final Trial Preparation Conference ("TPC") that the Government's summary charts—including Attachment 7 (ECF No. 165-7)—are admissible, subject to laying a proper foundation at trial and the Court's ruling.  However, Attachment 7 in its current form contains all eighteen Forms 7200, and the Court will only allow six such documents to be introduced at trial.  Accordingly, if the Government still intends to

5

introduce Attachment 7 at trial, the Court directs the Government to amend Attachment 7 so that it only includes those Forms 7200 it selects for introduction at trial. The Government is free to move for the admission of an amended Attachment 7 at trial, where Defendant will have the opportunity to lodge any objections she deems appropriate at that time. The Government need not file an amended Attachment 7 on the docket before trial.

B. <u>Other Evidence</u>

Also at the TPC the parties agreed that the Government's proposed summary charts are admissible at trial, subject to the Government laying a proper foundation under Federal Rule of Evidence 1006 and the Court's ruling. Accordingly, the Government's MIL as to its summary chart exhibits is moot.

Additionally, the parties agreed that the remaining issues raised in the Government's MIL concerning self-authenticating records and evidence related to Defendant's past conviction and other uncharged conduct are moot in light of the parties' stipulations. (ECF No. 180.) Therefore, based on the representations of the parties at the TPC, the Court concludes that the Government's MIL is denied as moot as to the remaining issues raised therein.

### III. CONCLUSION

For the reasons stated above, the Government's MIL (ECF No. 165) is GRANTED IN PART, DENIED IN PART, AND DENIED IN PART AS MOOT as set forth above.

Dated this 20th day of June, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge