**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 22-cr-187-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.     SHAMBRICA WASHINGTON,

     Defendant.

---

## ORDER DENYING "PETITION FOR DEFEREMENT [*SIC*] OF FRP"

---

Before the Court is Defendant Shambrica Washington's "Petition for Deferement [*sic*] of FRP" ("Petition").  (ECF No. 275.)  The Government filed a response.  (ECF No. 279.)  For the reasons explained below, the Motion is denied.

### I. BACKGROUND

In September 2024, a jury convicted Washington of three counts of wire fraud, 22 counts of money laundering, and four counts of false claims.  (ECF No. 226.)  In addition to sentencing her to a term of imprisonment and supervised release, the Court ordered Washington to pay a $3,100.00 special assessment and $542,924.45 in restitution.  (*Id.* at 7.)  The Court's judgment specified that the special assessment and restitution obligations became "due immediately."  (*Id.* at 8.)

The Government relates, based on information gleaned from Washington's Federal Bureau of Prisons ("BOP") Case Manager, that Washington elected to participate in the BOP's Inmate Financial Responsibility Program ("IFRP") in December

2024.  (ECF No. 279 at 3.)  The purpose of the IFRP is to "encourage[] each sentenced inmate to meet his or her legitimate financial obligations," including special assessments and court-ordered restitution.  28 C.F.R. § 545.10; *id.* § 545.11(a).  Participants are required to make payments in accordance with a financial plan developed by the BOP, in exchange for which they receive certain benefits.  *Id.* § 545.11(b), (d).

Between December 2024 and July 2025, Washington paid $215.01 toward her special assessment obligation.  (ECF No. 279 at 3.)  Initially, she paid $25.00 per month toward her Court-ordered financial obligations, but in May 2025 she agreed to increase her payment to $150.00 per month.  (*Id.*; ECF No. 279-1.)  After making partial payments in June and July 2025, however, Washington decided to cease making her monthly payments altogether.  (ECF No. 279 at 4.)

Between roughly May and November 2025, Washington had received more than $1,676.00 in her inmate trust account ("Trust Account"), of which she spent all but $0.66 by the end of the same timeframe.  (*Id.;* ECF No. 279-1 at 3, 5.)  Only $65.01 of those funds were paid toward her special assessment obligation.  (ECF No. 279 at 4; ECF No. 279-1 at 6.)  The BOP has not collected any money from her since July 2025.  (*Id.*)

## II. ANALYSIS

In the Petition, Washington asks the Court to "deferr [*sic*] my FRP payments while I am incarcerated until I return home."  (ECF No. 275 at 1.)  She states that "do [*sic*] to unforeseen circumstances, like my home 'mysteriously' catching on fire and a reduction of my military benefits to 10%," "[t]he only income I receive is $10 a month which is hardly enough to cover a FRP payment."  (*Id.*)  If her payments "cannot be deferred since I only make $10 a month," Washington asks in the alternative "that the

2

payment be 10% of whatever income I make in prison, not what I receive on my books, because anything I receive outside of that is a sacrafice [*sic*] that my family makes . . . ." (*Id.*)  But Washington has not explained how the Court can grant her the relief she seeks.

Critically, the "IFRP is a *voluntary* program in which inmates may *choose* to participate."  *Shaw v. Daniels,* 2010 WL 4628905, at *2 (D. Colo. Nov. 8, 2010) (first emphasis added); *see also United States v. Boyd,* 608 F.3d 331, 334 (7th Cir. 2010) ("The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary.").  True,

> [t]he choice is not a neutral one; an inmate who chooses not to participate in the IFRP loses access to a wide array of privileges and benefits that participating inmates enjoy.  But the mere fact that the BOP has sweetened [one] choice (or soured the other) does not alter the fundamental fact that an inmate may choose not to participate in the IFRP with regard to restitution obligations that have not otherwise been specifically scheduled by the sentencing court.

*Shaw,* 2010 WL 4628905, at *2; *see also Davis v. Wiley,* 260 F. App'x 66, 69 (10th Cir. 2008) ("the benefits that can be denied" for refusal to participate in the IFRP "are not constitutionally guaranteed").

Like the Government, the Court gathers that Washington "is asking the Court to remove her financial obligations in the hope that she can enjoy the IFRP's benefits without the financial responsibility."  (ECF No. 279 at 4.)  But Washington has not cited, and the Court is unaware, of any authority permitting it to order the BOP to extend the benefits accompanying IFRP participation to her while simultaneously excusing her from adhering to her financial responsibility plan.  To the contrary, "[c]ourts are not authorized to override the Bureau's discretion about such matters, any more than a judge could

3

dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side)." *United States v. Sawyer,* 521 F.3d 792, 794 (7th Cir. 2008).

Lack of legal authority aside, it would also be exceedingly unfair, in the Court's view, to grant Washington's Petition when there are assuredly numerous other people in prison facing genuine financial hardship that nonetheless endeavor to comply with their financial obligations under the IFRP. If Washington still wishes to participate in the IFRP but the house fire and reduction in her military benefits she describes has lessened the amount of money her family is able to contribute to her Trust Account, the Court is confident that reduction in income will be taken into account when the BOP calculates an appropriate monthly payment. *See* BOP, Program Statement P5380.08, at § 8 (Aug. 15, 2005).

### III. CONCLUSION

For the reasons stated above, Defendant Shambrica Washington's "Petition for Deferement [*sic*] of FRP" (ECF No. 275) is DENIED.

Dated this 1st day of April, 2026.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

4