**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 22-cr-187-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. SHAMBRICA WASHINGTON,

Defendant.

---

**ORDER DENYING CONSTRUED MOTION TO ALTER OR
AMEND THE JUDGMENT PURSUANT TO FED R. CIV. P. 59(e)**

---

On March 31, 2026, the Court issued a 28-page Order denying Defendant Shambrica Washington's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (the "Prior Order"). (ECF No. 281.) Now before the Court is Washington's "Response to Order Denying 28 U.S.C. 2255," (ECF No. 284), which the Court has construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), (ECF No. 286) (the "Construed Motion"). The Government filed a response. (ECF No. 289.) Washington did not file a reply.

For the reasons explained below, the Construed Motion is denied.

## I. LEGAL STANDARD

Relief under Rule 59(e) "is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue,* 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted). Thus, the movant must show "(1) an intervening change in the controlling law, (2) new

evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Exxon Shipping Co. v. Baker,* 554 U.S. 471, 475 n.5 (2008) ("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to entry of judgment").

## II. ANALYSIS

Washington's arguments in the Construed Motion can be broadly sorted into two categories. First, she suggests the Court erred in denying a certificate of appealability ("COA"). Second, she realleges that her co-defendant, the Government, and her defense counsel all colluded against her in various ways. As further explained below, neither argument warrants relief under Rule 59(e).

### A. Certificate of Appealability

In the Construed Motion, Washington suggests it was improper for the Court to deny a COA when she "never requested a COA nor . . . filed a Notice of Appeal." (ECF No. 284 at 2.) However, the Rules Governing Section 2255 Proceedings ("Habeas Rules") dictate that "[t]he district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Habeas Rule 11(a) (emphasis added). In other words, the Court's issuance or denial of a COA was not contingent on Washington's express request for a COA nor her filing of a notice of appeal.

Washington next contends the fact that "a substantial showing of a constitutional right was not presented . . . is not a ground to deny a COA and if so then the judge did

not elaborate on which issues or claims that did not present a 'substantial showing.'" (ECF No. 284 at 1–2.) To the extent Washington asserts the Court applied the wrong legal standard in considering whether a COA should issue, her argument is simply incorrect. The Court concluded in the Prior Order that "no certificate of appealability will issue because Washington has not made a substantial showing that jurists of reason would find it debatable whether the Motion states a valid claim of the denial of a constitutional right." (ECF No. 281 at 28.) As Washington appears to recognize, (*see* ECF No. 284 at 2), this is the precise standard district courts are to apply in considering whether a COA should issue. *See Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003) ("[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.' . . . Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented where adequate to deserve encouragement to proceed further.") (cleaned up). Moreover, in ruling that "no certificate of appealability will issue," the Prior Order made clear that Washington had not made the requisite showing as to *any* claim. (ECF No. 281 at 28.)

Lastly, Washington asserts "a question of first impression likely warrants an issuance of a COA." (ECF No. 284 at 2.) To the extent Washington is thereby suggesting her § 2255 motion raised "a question of first impression," she does not identify that issue, much less explain how it presents a novel legal question.

Thus, each of Washington's arguments regarding the Court's denial of a COA fail to establish any ground warranting relief under Rule 59(e).

### B. Unsubstantiated Allegations of a Conspiracy

In the remainder of the Construed Motion, Washington alleges various ways her ex-husband and co-defendant, Jean Damus; the Government; and her own defense attorney conspired to incriminate and prosecute her. (*See generally* ECF No. 284 at 3–5.) The Court has already fulsomely considered these unsubstantiated allegations and rejected them as a basis for habeas relief in the Prior Order. Washington does not explain any manner in which "the court has misapprehended the facts, a party's position, or the controlling law" in the Construed Motion. *Nelson v. City of Albuquerque,* 921 F.3d 925, 929 (10th Cir. 2019). Nor does she "present newly discovered evidence" warranting reconsideration. *Comm. for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992). Rather, she simply rehashes the same allegations the Court has previously considered and rejected. Washington may disagree with the Court's assessment of her accusations of collusion, but that is no grounds for relief under Rule 59(e). *Cf. Massey v. Computershare Ltd.,* 2024 WL 4680632, at *2 (D. Colo. Nov. 5, 2024) (noting fact that litigant "broadly disagrees with the Court's judgment and the reasoning upon which it rests . . . is far from being a proper basis for a Rule 59(e) motion").

## III. CONCLUSION

For the reasons stated above, Defendant Shambrica Washington's Construed Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) (ECF No. 284) is DENIED.

Dated this 21st day of August, 2026.

BY THE COURT:

William J. Martínez
Senior United States District Judge